DOUCET, Judge.
This tort action arises out of an automobile collision on Interstate-10 in Lafayette, Louisiana. Two ears were involved. One of them, a 1975 Lincoln Continental, was leased to George J. John, Sr. and driven by his son, George J. John, Jr. It was insured by State Farm Mutual Automobile Insurance Company. The other car, a 1977 Ford Granada, was owned and operated by Gerald A. Lemoine.
George J. John, Sr., State Farm, and Julia J. Smith, a guest passenger in the Lincoln, brought this suit against Gerald Lem-oine. They seek the recovery of damages incurred in the repair of the Lincoln and in the medical treatment of injuries sustained by Mrs. Smith in the accident. Lemoine answered and reconvened against State Farm, seeking recovery for the damage to his automobile and for personal injuries, which he sustained in the accident. Following a trial, the district court rendered judgment against Lemoine and in favor of George J. John, Sr. and State Farm in the sums of $500 and $4,347.60, respectively. Lemoine’s reconventional demand was dismissed. From that judgment, he appealed.
The accident giving rise to this suit occurred on September 1, 1977 at approximately 7:04 P.M. There was still full daylight, and the weather was clear. Both vehicles were headed in an easterly direction on Interstate-10, with the Lincoln driven by John in the lead in the right lane. The Lincoln stalled on the ascent of a railroad overpass, on which there was no shoulder for emergency parking. John put the car in neutral, activated the emergency flashers, and attempted to restart the engine. He was able to get it started several times, but it would stall again after traveling only a few feet.
At the same time, Lemoine was proceeding easterly in the left lane, following a large tractor-trailer rig at a distance of 100-150 feet. The tractor-trailer slowed down on the ascent of the overpass, and Lemoine began closing in on it. When he was about 80 feet behind the trailer, he moved into the right lane and began going around it. He did not observe the Lincoln, which by then was near the top of the overpass and either barely moving or stopped, until he was alongside the trailer and could not return to the left lane. He applied his brakes, but he was unable to stop in time to avoid the collision.
The trial judge found that under the circumstances Lemoine was negligent in failing to maintain a proper lookout. On appeal, Lemoine argues that he erred in doing so. We disagree. Lemoine testified that he did not see the Lincoln until he was *834 approximately 100 feet behind it. He suggested that he had not been able to see it earlier because of its position on or near the flat portion at the top of the overpass. However, he also testified that when he executed his passing maneuver, he was observing the trailer and the other vehicles in the immediate vicinity, and not looking up ahead. On the other hand, John testified that he observed Lemoine approaching when he was several hundred feet away, and that when it became apparent that Lemoine hadn’t observed the flashing lights, he tapped his brakes in an effort to get his attention.
A driver of a left-hand drive vehicle is clearly at a disadvantage when passing on the right. Particular caution is required to fulfill his duty to observe the road ahead of him in order to ascertain that the maneuver can be carried out safely. After reviewing all of the evidence in the record, we agree with the trial judge’s conclusion that the accident in this case was the result of Lemoine’s breach of that duty. O’Reilly v. State Farm Mutual Automobile Insurance Company, 230 So.2d 630 (La.App. 2nd Cir. 1970), which is cited by Lemoine, is inapposite. Different circumstances in that case clearly established that the driver of the following vehicle could not have observed the disabled car in time to avoid the accident. The disabled vehicle was at the bottom of an overpass, and the accident occurred at nighttime, during a heavy rain.
Alternatively, Lemoine argues that the trial judge erred in failing to find that John was contributorily negligent. John testified that his car stopped once earlier that day. However, he also testified that it restarted immediately and gave him no further difficulty until it stalled on the overpass. We agree with the trial judge’s conclusion that this single, isolated incident was not sufficient to warn John that the car was not roadworthy. Lemoine also argues that John was negligent in failing to get out of his car to warn approaching motorists. However, according to John’s uncontradieted testimony, he did not have sufficient time to do so after it became apparent that he would not be able to get the car going again. Under these circumstances, we find no error in the trial judge’s finding that John was not contributorily negligent.
For the above and foregoing reasons, the judgment appealed is affirmed. All costs of this appeal are assessed to the defendant-appellant.

AFFIRMED.